UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

UNITED STATES OF AMERICA

   -v-                                                                                                                                    No.  11-CR-206-LTS

ANTHONY BROOKS,

        Defendant.

-------------------------------------------------------x

## MEMORANDUM ORDER

The Court has received and reviewed Mr. Brooks' Motion for Compassionate Release pursuant to 18 U.S.C. section 3582 (Docket Entry No. 41), and the parties' subsequent briefing (Docket Entry Nos. 44 and 47).  Mr. Brooks seeks a reduction of his sentence to time served and release to home confinement.  (Docket Entry No. 41.)

Mr. Brooks seeks an order directing his compassionate release under 18 U.S.C. section 3582(c)(1)(A), which provides, in relevant part, that:

> the court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . .

18 U.S.C.A. § 3582(c)(1)(A) (Westlaw through Pub. L. 116-179).[1]  The Court therefore considers "the factors set forth in section 3553(a) to the extent that they are applicable," and then

---

[1] Mr. Brooks has exhausted his administrative remedies.  On May 18, 2020, Mr. Brooks requested that the Warden of FCI Ashland move to reduce his sentence based on the

considers, in light of those factors, whether the defendant's proffered "extraordinary and compelling reasons" for a sentence reduction warrant such a reduction.  The Court may consider "the full slate of extraordinary and compelling reasons that an imprisoned person might bring before [it] in motions for compassionate release" in determining whether those reasons warrant a sentence reduction.  United States v. Brooker, 976 F.3d 228, 237 (2d Cir. 2020).  "The defendant has the burden to show he is entitled to a sentence reduction" under Section 3582(c)(1)(A).  United States v. Ebbers, 432 F. Supp. 3d 421, 426 (S.D.N.Y. 2020).

> Section 3553(a) directs that the Court
>
> shall consider . . . the nature and circumstances of the offense and the history and characteristics of the defendant; . . . the need for the sentence imposed . . . to reflect the seriousness of the offense, promote respect for the law, and to provide just punishment for the offense; . . . to afford adequate deterrence to criminal conduct; . . . to protect the public from further crimes of the defendant; . . . to provide the defendant with needed educational and vocational training, medical care, or other correctional treatment in the most effective manner; . . . the kinds of sentences available; . . . [and] the need to avoid unwarranted disparities among defendants with similar records who have been found guilty of similar conduct. . . .

18 U.S.C.A. § 3553(a) (Westlaw through Pub. L. 116-163).  As reflected in the transcript, the Court considered these factors in connection with Mr. Brooks' sentencing hearing on Aug. 6, 2013.  (Docket Entry No. 37.)  Several of these factors remain unchanged.  The nature and circumstances of his offense remain very serious, as the Court found that Mr. Brooks transported, received, and possessed thousands of images and videos depicting child pornography.  (Id., at 8:14.)  Mr. Brooks' prior conviction for similar conduct, his commission of these offenses while under Court supervision, and the apparent failure of that earlier conviction to deter Mr. Brooks' criminal conduct also necessarily remain unchanged.  (Id., at 8:6-13.)  The

---

COVID-19 pandemic.  (Docket Entry No. 41, at Attachment A.)  On May 28, 2020, the Warden denied Mr. Brooks' request.  (Id.)

Court sentenced Mr. Brooks to 180 months of imprisonment on each of the three charges to which he pled guilty, to run concurrently with one another but consecutively to the 12 months of imprisonment imposed for the violation of his supervised release in the other matter, followed by 10 years of supervised release.  (Docket Entry No. 36.)

In support of his argument that the section 3553(a) factors now present an extraordinary and compelling reason warranting a sentence reduction, Mr. Brooks proffers three circumstances that have changed since the Court sentenced him: (1) the risk of infection and serious complications posed by the COVID-19 virus, (2) the unanticipated increase in the severity of his conditions of confinement imposed in response to the pandemic, and (3) his treatment efforts.

Mr. Brooks first proffers that the COVID-19 pandemic presents an extraordinary and compelling risk to his health in light of his age of 45 and his medical conditions of asthma, hypertension, migraines, and gastrointestinal problems.  (Docket Entry Nos. 41, at 2; 47, at 2.)  Neither his age nor any of his medical conditions are on the CDC's list of circumstances that elevate the risks of contracting or suffering severe manifestations of COVID-19, and only hypertension is on the CDC's list of health conditions that "might" place him at an increased risk.  See People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html, (last visited 11/24/20).  Moderate to severe asthma is also among those conditions which might increase the risk of COVID-19 infection, but Mr. Brooks' asthma is argued to be mild and intermittent.  (Docket Entry Nos. 44, at 5; 47, at 3.)  Mr. Brooks' medical records, filed under seal, confirm his medical conditions and their level of severity.  (Docket Entry No. 46) (reflecting that Mr. Brooks reported to the medical provider that his asthma is well controlled through the use of an inhaler).  These

medical conditions do not meet Mr. Brooks' burden of demonstrating that there is currently a need to provide for his medical care that constitutes an extraordinary and compelling reason warranting a sentence reduction.

The sentence that the Court originally imposed has undoubtedly been made more severe by the pandemic and the BOP's response. The Court takes this into account in assessing whether Mr. Brooks' current sentence serves properly to advance the goals of just punishment, adequate deterrence, and promotion of respect for the law. The health risks of continued confinement have likewise increased. However, these changed circumstances are not unique to Mr. Brooks, and therefore do not rise to the level of an extraordinary and compelling reason to reduce his sentence. Mr. Brooks does not argue, and the Court finds no reason to conclude, that denying his motion would create an unwarranted sentencing disparity with similarly situated defendants. Instead, Mr. Brooks argues that he has undertaken treatment while in custody and that those treatment efforts mitigate the risk he poses to the public. (Docket Entry No. 47, at 4.) The Government commends "the steps he has taken to seek treatment," but argues that those steps do not provide appropriate grounds for compassionate release. (Docket Entry No. 44, at 6.) While the Court also commends Mr. Brooks for seeking treatment, the nature and outcomes of his treatment are not described in his submissions. Furthermore, the length of Mr. Brooks' sentence reflected the public danger posed by trafficking in child pornography, and there is nothing in his submissions that demonstrates that the need for the sentence to protect the public has diminished. The Court finds that Mr. Brooks' sentence as originally imposed continues to serve the goals of section 3553(a).

For the reasons stated above, Mr. Brooks has not carried his burden of demonstrating that the section 3553(a) factors present an extraordinary and compelling set of

circumstances warranting compassionate release.  Very little in his submission differentiates him from others in his facility, and the factors that lead the court to determine that the sentence imposed on him was necessary to address properly the section 3553(a) considerations have not changed in any material way.  Furthermore, the Bureau of Prisons continues to implement measures to mitigate the risks of spread of COVID-19 within its facilities.  Accordingly, Mr. Brooks' motion for a reduced sentence pursuant to 18 U.S.C. section 3582 is denied.  The Court will also enter an Order on Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(1)(A) (Compassionate Release).

       This order resolves Docket Entry Number 41.

SO ORDERED.


Dated: New York, New York
      November 24, 2020

                                 /s/ Laura Taylor Swain
                             LAURA TAYLOR SWAIN
                             United States District Judge